IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| SAMUEL L. McKEVER, JR. | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § | Civil No. 1:18cv288-HSO-JCG |
| | § | |
| JOHN W. BENUS, DPM, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [43] FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is Defendant John W. Benus, DPM's Motion [43] for Partial Summary Judgment. This suit arises out of two surgeries, both known as bilateral fasciotomies, which Defendant John W. Benus, DPM, performed on Plaintiff Samuel L. McKever, Jr. Plaintiff alleges that Defendant was negligent in performing the surgeries and is seeking damages, including punitive damages. Defendant seeks dismissal of the punitive damages claim.

Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion [43] for Partial Summary Judgment should be granted and Plaintiff's claim for punitive damages should be dismissed with prejudice.

I. BACKGROUND

Defendant John W. Benus, DPM ("Defendant" or "Benus"), performed a bilateral fasciotomy[1] on one of Plaintiff Samuel L. McKever, Jr.'s ("Plaintiff" or

---

[1] A bilateral fasciotomy is a surgical procedure in which the plantar fascia is cut in both of a patient's

1

"McKever") feet on April 21, 2016, and another on the other foot on July 15, 2016. Compl. [1] at 3; Def. Mem. [45] at 1. The purpose of these two procedures was to relieve plantar fasciitis[2] in both of McKever's feet. Compl. [1] at 3. Unfortunately, McKever continued to experience foot pain, and a February 3, 2017, MRI indicated that neither of his plantar fascia had been cut, or "released," during the surgeries. Pl. Mem. [48] at 4. On February 17, 2017, Dr. Jeffery Benzing ("Dr. Benzing") performed another surgery on McKever's left foot, confirmed that the planter facia was intact, and released it.[3] *Id.*

McKever filed this lawsuit on August 31, 2018. Compl. [1] at 1. The Complaint [1] accuses Dr. Benus of negligence and gross negligence in performing the 2016 surgeries,[4] *id.* at 5-7, and asserts that McKever should be awarded, among other things, punitive damages based upon Dr. Benus's alleged gross negligence, *id.* at 10. Dr. Benus has filed the instant Motion [43] for Partial Summary Judgment arguing that there is no genuine issue of material fact as to whether Dr. Benus acted with the actual malice or gross negligence necessary to impose punitive damages. Def. Mot. [43] at 1. McKever opposes the Motion.

---

feet in order to relieve inflammation of the plantar fascia. The plantar fascia is the fibrous tissue along the bottom of the foot that connects the heel to the toes. Def. Mem. [45] at 2.
[2] Plantar fasciitis is the inflammation of the plantar fascia. Def. Mem. [45] at 2.
[3] It is not clear from the record whether Dr. Benzing performed a second surgery on McKever's right foot.
[4] Plaintiff also named Mississippi Coast Endoscopy and Ambulatory Surgery Center, LLC ("MCEASC"), the facility where Dr. Benus performed the surgeries, as a defendant. The Court granted MCEASC's Motion for Summary Judgment on August 6, 2019, and entered a Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing McKever's claims against it. *See* Order [52].

## II. DISCUSSION

A. Legal standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

Under Mississippi law, a plaintiff may only recover punitive damages where he proves "by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which

3

evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code § 11-1-65(1)(a). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quotations omitted). Whether punitive damages should be awarded depends upon the particular circumstances of a case. *Robertson v. Catalanotto*, 205 So. 3d 666, 676 (Miss. Ct. App. 2016). In determining whether the issue of punitive damages should be submitted to a jury, a trial court decides "whether, under the totality of the circumstances and viewing the defendant's conduct in the aggregate, a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003) (quotation omitted).

B.  Plaintiff's claim for punitive damages

Dr. Benus asserts that there is no genuine issue of material fact as to whether he acted with either malice or gross neglect rising to the level of reckless disregard for McKever's safety. Def. Mem. [45] at 4-5. McKever, on the other hand, contends that the evidence showing that Dr. Benus acted with reckless disregard is that he did not actually perform the plantar fasciotomies on McKever. Pl. Mem. [48] at 8. McKever's allegations are not supported by the record.

McKever argues that a comment in Dr. Benzing's medical records that "the incisions [made by Dr. Benus] . . . were inconsistent with the performance of . . . any plantar faciotomy" and the fact that McKever's plantar fascia were still intact establish that Dr. Benus did not actually perform any surgery on McKever. Pl. Ex.

4

4 [47-4] at 2; Pl. Mem. [48] at 8-9.  Having reviewed Dr. Benzing's records, this single comment would not reasonably support a finding that Dr. Benzing determined conclusively that Dr. Benus never performed the surgeries.  Indeed, the statement is consistent with McKever's theory advanced in the Complaint that Dr. Benus performed the surgeries negligently.  In addition, McKever's other expert witness, Dr. Allen Jacobs, nowhere suggests that the surgeries never took place, but rather opines that Dr. Benus "attempted and failed to release the plantar fascia in the left then the right foot."  Pl. Ex. 4 [47-4] at 5.  Dr. Benus's expert witness, radiologist Dr. Timothy Usey, concluded that McKever's MRI examination demonstrated "expected findings following plantar fasciotomy."  Def. Ex. C [51-3] at 2.

Construing this evidence in the light most favorable to McKever, no reasonable juror could conclude that no surgery occurred.  The only conclusion a reasonable jury could reach is that Dr. Benus at least attempted to perform the fasciotomies.  While the surgeries were seemingly unsuccessful, a reasonable hypothetical trier of fact could not find by clear and convincing evidence that Dr. Benus's conduct rose to the level of malice or reckless disregard required to award punitive damages.  As such, the Court is of the opinion that Dr. Benus should be granted a partial summary judgment on McKever's claim for punitive damages.

C.   <u>Plaintiff's fraud claim</u>

In his Response [47] to Dr. Benus's Motion [43], McKever asserts for the first time that Dr. Benus committed fraud when he failed to release McKever's plantar fascia.  Pl. Mem. [48] at 6-8.  When a plaintiff raises a cause of action for the first

5

time in response to a dispositive motion, the Court should construe the argument as a motion to amend the pleadings under Rule 15 of the Federal Rules of Civil Procedure. *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). Federal Rule of Civil Procedure 9 dictates that a fraud claim must be pled with particularity. Fed. R. Civ. P. 9(b). Under Mississippi law, a Plaintiff alleging fraud must show:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Waston Labs., Inc. v. State*, 241 So. 3d 573, 584 (Miss. 2018).

McKever did not plead any fraud claim with particularity in the Complaint [1]. Moreover, instead of arguing fraud under Mississippi law in his Response [47], McKever alleges that Dr. Benus committed fraud as that term is defined under the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") regulations[5], 32 C.F.R. § 199.2. Pl. Mem. [48] at 6. However, McKever must show that Dr. Benus committed fraud under Mississippi common law. *See Watson Labs., Inc.*, 241 So. 3d at 594 (affirming chancery court's punitive damage award when the defendant committed common-law fraud against the plaintiff). He has not done so. Finally, because McKever did not state or argue the elements of common-law fraud with any particularity in his Response [47], his motion to amend the pleadings is

---

[5] Because McKever was enlisted in the United States Navy at the time he was under Dr. Benus's care, his medical benefits provider is part of the CHAMPUS program.

6

insufficient and should be denied.

III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant John W. Benus, DPM's, Motion [43] for Partial Summary Judgment is **GRANTED,** and Plaintiff Samuel L. McKever, Jr.'s claim for punitive damages is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 19th day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE